IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL POPULATION BLOCK 2 | : | |
| LEBANON COUNTY PRISON, | : | CIVIL ACTION NO. **1:CV-13-0292** |
| Plaintiffs | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| LEBANON COUNTY PRISON, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On February 6, 2013, Plaintiffs, the General Population at Lebanon County Prison ("LCP"), located in Lebanon, Pennsylvania, filed, *pro se*, this action on a 4-page form civil rights Complaint, under 42 U.S.C. §1983, and on an attached handwritten page, signed by twenty (20) inmates who are housed in Block 2 of LCP.[1]   The Complaint is not signed by any inmate. (Doc. 1, pp. 1-5). The signature page attached to the Complaint states "Class Action" and has a caption stating that inmate Dimas Santiago is representing all of the Plaintiffs who are the general population inmates housed in Block 2 of LCP. Named as sole Defendant in the Complaint is LCP.

Also, on February 6, 2013, one Application to proceed *in forma pauperis* was filed. (Doc. 2). The *in forma pauperis* request was dated "2-1-2013," but it was not signed.   Since the Doc. 2 *in forma pauperis* Motion was not proper, a 30-Day Administrative Order was issued on February 12, 2013. (Doc. 8). Subsequently, on March 25, 2013, a second Application to proceed *in forma*

---

[1]We note that while the Complaint refers to the prison as the Lebanon County Prison, the correct name of the prison is the Lebanon County Correctional Facility ("LCCF").  However, for present purposes, we use the name of the prison stated in the Complaint, LCP.

*pauperis* was filed. (Doc. 13). The *in forma pauperis* request was dated "3-23-2013," and it was signed by only Dimas Santiago "and inmates in this list."[2] Santiago also submitted a list with the names of 20 inmates printed on it. (Doc. 15). On March 26, 2013, a second 30-Day Administrative Order was issued directing each of the 20 listed inmates to either pay the filing fee or file a proper *in forma pauperis* motion and Authorization. (Doc. 16).

We now review the Complaint in this case and conclude that it is not a proper class action. We find that the second 30-Day Administrative Order dated March 26, 2013, should be vacated.

## II. ALLEGATIONS OF COMPLAINT (DOC. 1).

In the Statement of Claim in the Complaint, Doc. 1, pp. 2-3, it is simply stated:

> We the General Population Block 2 [inmates at Lebanon County Prison] are concern[ed] with Human Rights violations by prison officials entering inmates [*i.e.*, taking blood from new inmates] enter the facility without the proper medical clearance ... doesn[']t draw blood to detect any contagius (sic) deseases (sic). Also kitchen workers handle our food without proper medical clearances [which] we belive (sic) is very Hazardus (sic) to the General Population.

As relief in the Complaint, it states that the "General Population inmates would like 1 billion dollars in compensation for all the mental stress and punitive damage[s]."[3] It also requests that a

---

[2] We note that Santiago has filed two other actions in the Middle District, namely, 1:12-CV-2007 and 1:13-CV-0587.

[3] To the extent that the Complaint is seeking monetary damages (compensatory and punitive damages) for mental stress, we note that under 42 U.S.C. §1997e(e), it must be alleged in the pleading the physical harm Defendant caused the inmates. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003)*; Kantamanto v. King*, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). The instant Complaint does not aver that any inmate in Block 2 of LCP was caused any physical harm.

2

"DNA [department] to be put in place in this [prison] that draw blood to detect the contagius (sic) deseases (sic)." This appears to be a request for injunctive relief.

In the Complaint, it does not state whether each of the 20 inmates who signed the attached page exhausted all of their respective available LCP administrative remedies regarding the Eighth Amendment conditions of confinement claims in accordance with the PLRA requirements.[4] (Doc. 1, pp. 1-5). *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994)(The Eighth Amendment imposes affirmative duties on prison officials to provide inmates with humane conditions of confinement).

In the page attached to the Complaint, Doc. 1, p. 5, it is stated:

> We the Block 2 inmates [in General] Population [at] Lebanon County Prison. We are concern[ed] with the way this prision (sic) conduct their medical clearances for entering inmates and kitchen worker[s]. We believe is a violation of our Human Rights and we are in Hazardus (sic) and Dangerous condition and we all agree to sign this Declaration.

---

[4]Each inmate must exhaust his LCP administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.
We note that while it is not indicated in the Complaint if any inmate exhausted his administrative remedies available at LCP with respect to the instant claims, an inmate does not have to allege in his Complaint that he exhausted his administrative remedies and Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

We will now screen the Document 1 Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

**III. STANDARDS OF REVIEW.**

*A. PLRA*

As stated, two applications to proceed *in forma pauperis* were filed pursuant to 28 U.S.C. § 1915. (Docs. 2 & 13). The first application to proceed *in forma pauperis* was not signed and only Santiago signed the second application. The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

*B. 42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

---

[5] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); s*ee also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge

5

and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### C. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the

factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

**IV. DISCUSSION.**

Initially, the only named Defendant in the Complaint, LCP, is not a proper Defendant in a §1983 civil rights action. A civil rights action cannot be maintained against LCP because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a

7

"person" subject to suit under federal civil rights laws'").

Thus, we will recommend that sole Defendant LCP (properly known as LCCF) be dismissed with prejudice from this case. Based upon the above, we find futility in allowing an amended Complaint with respect to the constitutional claims as against Defendant LCP. *See Will*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

Additionally, there is no personal involvement alleged in the Complaint of any properly named Defendant who is an official at LCP and, there are no facts alleged how any official violated the constitutional rights of any inmate who is housed in Block 2, including Santiago. Thus, the Complaint fails to state any cognizable constitutional claim against a proper Defendant. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)("A[n individual government] Defendant in a civil rights action must have personal involvement in the alleged wrongdoing ... .")(quoting *Rode*, 845 F.2d at 1207). As stated, we construe the Complaint as raising Eighth Amendment conditions of confinement claims at LCP regarding the alleged lack of proper medical clearances for the prison staff who draw the blood of the new inmates arriving at the prison to test for contagious diseases and, the alleged lack of proper medical clearances for the kitchen workers who prepare the meals for the inmates. "To prevail on a conditions of confinement claim, a Plaintiff must show: (1) that the prison conditions pose a substantial risk of harm; and (2) that the prison official was deliberately indifferent to that risk." *Zimmerman v. Schaeffer*, 654 F.Supp.2d 226, 248 (M.D. Pa. 2009)(citations omitted). "An officer who is deliberately indifferent must be both aware of the facts from which the inference of a substantial risk of harm could be drawn, and the officer must actually draw that

inference." *Id.*(citing *Farmer,* 511 U.S. at 837).

Additionally, as noted, the Complaint does not aver that either Santiago or any of the other 19 inmates in Block 2 of LCP who signed the page attached to the pleading, *i.e.,* Santiago's putative class of inmates, was caused any physical harm by the blood screening or by the meals at LCP. Also, as stated, the Complaint does not sufficiently allege that the complained of prison conditions, *i.e.,* the staff who take blood from new inmates who enter LCP lack the proper medical clearances and the kitchen workers who handle the food lack proper medical clearances, pose a substantial risk of harm to any inmate. Nor does the Complaint allege that any prison official at LCP was deliberately indifferent to any risk of harm to the Block 2 inmates and that any official was aware of the facts from which the inference of a substantial risk of harm could be drawn.

We also find that Santiago should not be allowed to pursue a class action since he is not an adequate class representative. Santiago attached a list of 19 other inmates in Block 2 at LCP who have signed their names and whom he appears to state would join the proposed class action.

In *Williams v. City of Phila.*, 270 F.R.D. 208, 213 (E.D. Pa. 2010), the Court stated:

> The requirements for maintaining a class action are set forth in Rule 23 of the Federal Rules of Civil Procedure. To be certified, a class must satisfy the four prerequisites in Rule 23(a) and must fit within at least one of the three categories of class actions in Rule 23(b). Fed.R.Civ.P. 23; *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "Unless each requirement of Rule 23 is actually met, a class cannot be certified." *In re Schering Plough Corp. ERISA Litig.,* 589 F.3d 585, 596 (3d Cir.2009). "As a result, '[a]n overlap between a class certification requirement and the merits of a claim is no reason to decline to resolve relevant disputes when necessary to determine whether a class certification requirement is met.' " *Id.* (quoting *Beck v. Maximus,* 457 F.3d 291, 301 (3d Cir.2006)). We must therefore conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23 have been satisfied, going beyond the pleadings if necessary. *Id.*
> [1] Rule 23(a) requires that the movant demonstrate the following for

> certification:
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> Fed.R.Civ.P. 23(a). A decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 307 (3d Cir.2008).
>
> Rule 23(b)(2) permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). FN2 Plaintiffs bear the burden of proof to show that the requirements in Rules 23(a) and (b) are met. *Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974). When faced with "potentially cumbersome or frivolous" classes, Rule 23 gives district courts broad discretion in determining whether to certify a class and how to manage a certified class. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

Thus, all four of the above stated elements have to be met in order to certify a class action. If Santiago does not meet any one of these elements, he cannot proceed with his proposed class action of LCP Block 2 inmates.

As stated, we find that Santiago seeks to certify as a class he and 19 other inmates who are confined in Block 2 at LCP. Santiago alleges that all of the Block 2 inmates are being subjected to the same violations of "Human Rights" and the same "Hazardus (sic) and Dangerous conditions" due to the lack of proper medical clearances by LCP staff who draw blood from inmates and by kitchen staff. It is clear from the filings in the present case that Santiago intends on acting as the class representative. We find that Santiago as a *pro se* inmate cannot seek relief on behalf of the 19 other inmates in Block 2 at LCP. *See Oxendine v. Williams*, 509, F.2d 1405, 1407 (4th Cir. 1975); *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009)("pro se litigants are generally not appropriate as class

representatives.")(citing *Oxendine, supra*.). Thus, since Santiago cannot serve as the class representative of the inmates in Block 2 at LCP, his request to proceed as a class action should be denied.

At this stage of the case, we find that it is not clear if Santiago can state any cognizable constitutional claim. Therefore, we will recommend that Santiago be granted leave to file an amended Complaint, only on his own behalf, with respect to his Eighth Amendment claims. *See Grayson, supra*. We will also recommend that Santiago's request for class certification be denied.

**V. RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Santiago's Motion to proceed *in forma pauperis* **(Doc. 13)** be **GRANTED.** It is recommended that the 30-Day Administrative Order **(Doc. 16)** be **VACATED.** It is recommended that Defendant Lebanon County Prison be **DISMISSED WITH PREJUDICE.** It is also recommend that Santiago's request for class certification be **DENIED.** Further, it is recommended that Santiago be allowed to file an Amended Complaint regarding only his Eighth Amendment claims as against proper party Defendants as specified in this Report and Recommendation.

Finally, it is recommended that this case be remanded to the undersigned to screen any Amended Complaint which Santiago may file.

                                               **s/ Thomas M. Blewitt**_____
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**

**Dated: March 28, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL POPULATION BLOCK 2 | : | |
| LEBANON COUNTY PRISON, | : | CIVIL ACTION NO. **1:CV-13-0292** |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LEBANON COUNTY PRISON, | : | |
| | : | |
| Defendant | : | |

# **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 28, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 28, 2013**